# THE ATTORNEY GENERAL
# OF TEXAS
GERALD C. MANN                         AUSTIN 11, TEXAS
~~WILLXWILSONXXXX~~
ATTORNEY GENERAL



Hon. Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:                              Opinion No. O-896
                                       Re:  In view of the amendment to the
                                            Texas Unemployment Compensation
                                            Act, would the State Comptroller
                                            be authorized to issue duplicates
                                            of forged unemployment compensation
                                            warrants?

        We are in receipt of your letter of May 27, 1939, in which you
request an opinion on the following question:

        "In view of the wording of this amendment (sec. 9 (d)
    of the Texas Unemployment Compensation Act, article 5521-b,
    Vernon's Annotated Civil Statutes, as amended by the 46th
    Leg., Regular Session) would your opinion be the same as ex-
    pressed in your letter (opinion No. O-385) of March 16th?
    (parenthetical insertions ours)"

        In opinion No. O-385, addressed to yourself, we held that
article 4365 of the Revised Civil Statutes of 1925 prohibits the issuance
of a duplicate warrant where the loss or destruction of the original
has not been called to the attention and proven to the satisfaction of
the Comptroller in the manner provided in said Statute.

        Article 4365, Revised Civil Statutes, 1925, provides:

        "The Comptroller, when satisfied that any original
    warrant drawn upon the State Treasurer has been lost or
    destroyed, or when any certificate or other evidence of
    indebtedness approved by the auditing board of the State
    has been lost, is authorized to issue a duplicate warrant
    in lieu of the original warrant or a duplicate or a copy
    of such certificate, or other evidence of indebtedness in
    lieu of such original; but no such duplicate warrant, or
    other evidence of indebtedness, shall issue until the ap-
    plicant has filed with the Comptroller his affidavit,
    stating that he is the true owner of such instrument, and
    that the same is in fact lost or destroyed, and shall also
    file with the Comptroller his bond in double the amount

of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will hold the State harmless and return to the Comptroller, upon demand being made therefor, such duplicates or copies, or the amount of money named therein, together with all costs that may accrue against the State on collecting the same. After the issuance of said duplicate or copy if the Comptroller should ascertain that the same was improperly issued, or that the applicant or party to whom the same was issued was not the owner thereof, he shall at once demand the return of said duplicate or copy if unpaid, or the amount paid out by the State, if so paid; and, upon failure of the party to return same or the amount of money called for, suit shall be instituted upon said bond in Travis County."

It has been called to our attention that since opinion No. O-385 was rendered on March 16, 1939, by this department, an amendment to the Texas Unemployment Compensation Act, Article 5521b, Vernon's Annotated Civil Statutes, has been enacted into law.

Section 9 (d) of the Act is the pertinent portion of the amendment:

"If a warrant has been issued by the Comptroller in payment of benefits as provided under this Act, and if the claimant entitled to receive such warrant has lost or loses or for any reason failed or fails to receive such warrant after such warrant is or has been issued by the Comptroller, and upon satisfactory proof of such, the Comptroller may issue to claimant a duplicate warrant as provided for in Article 4365, Revised Civil Statutes of Texas of 1925, but in no event shall a duplicate warrant be issued after one year from the date of the original warrant.

"If after any warrant has been issued by the Comptroller payable to a claimant for benefits under the provisions of this Act, and such warrant shall have been lost or misplaced, or if claimant for any reason fails or refuses to present said warrant for payment within twelve months after the date of issuance of such warrant, such warrant shall be canceled, and thereafter no payment shall be made by the Treasurer on such warrant, and no duplicate warrant in place thereof shall ever be issued."

The reference to article 4365, Revised Civil Statutes, 1925, in the above quoted section of the Texas Unemployment Compensation Act, is called to your attention.

Article 4365 applies only to lost or destroyed warrants. In such cases, the Comptroller may issue duplicates on two conditions:

First, the filing of affidavit of proof of ownership
of the original and loss or destruction by applicant;

Second, filing of a bond by applicant.

Section 9 (d) of the Texas Unemployment Compensation Act pro-
vides for issuance by the Comptroller of a duplicate warrant, where the
original has been lost or has not been received by the claimant "for
any reason". Thus, in the case of a warrant issued in payment of bene-
fits under the Texas Unemployment Compensation Act, the Comptroller is
not limited to cases of loss or destruction in issuing duplicate.

In respect to these warrants, he can issue duplicates when the
beneficiary fails to receive the original warrant "for any reason".

Since Section 9 (d) refers to article 4365, Revised Civil
Statutes, 1925, stating that the Comptroller may issue duplicate benefit
warrants under the Act "as provided for in article 4365, Revised Civil
Statutes of Texas of 1925", it is evident that in respect to benefit
warrants this section of the Unemployment Compensation Act was intended
to broaden the scope of article 4365 without, in any way, repealing the
provisions of said article.

Consequently, Section 9 (d) of this article and article 4365
must be construed together and the provisions of article 4365 would
apply in the issuance of duplicate benefit warrants when the claimant
for any reason fails to receive the original.

The claimant, however, must present satisfactory proof of
failure to receive the original and he must file applicant bond as
required by article 4365.

In answer to your question, it is our opinion that the amend-
ment to the Texas Unemployment Compensation Act, which is article
5521-b of Vernon's Annotated Civil Statutes, modifies article 4365, Re-
vised Civil Statutes, 1925, to the extent that it authorizes the is-
suance of duplicate benefit warrants, not only in the case of proven
loss or destruction, but upon satisfactory proof that claimant has not
received his warrant. But, at the same time, it requires that in all
other respects, such as the filing of affidavit and bond, the provisions
of article 4365, Revised Civil Statutes, 1925, must be met.

Trusting that the above fully answers the inquiry submitted,
we are

DS:omb:wc                                    Yours very truly
                                      ATTORNEY GENERAL OF TEXAS
APPROVED: s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS              By s/Dick Stout
                                          Dick Stout
Approved Opinion Committee by s/HQB Chairman    Assistant